DLD-036                                                           **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2206
_____

IN RE: MICHAEL RINALDI,
                                   Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Middle District of Pennsylvania
(Related to M.D. Pa. Crim. Nos. 3-18-cr-00279-002 and 3-18-cr-00280-002)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
November 19, 2020
Before:  JORDAN, KRAUSE and PHIPPS, Circuit Judges

(Opinion filed: December 9, 2020)
_____

OPINION*
_____

PER CURIAM

        Petitioner Michael Rinaldi has filed a mandamus petition concerning two separate

ongoing criminal cases against him in the United States District Court for the Middle

District of Pennsylvania.[1]  Both criminal actions were initiated in August 2018.  Alleging

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

[1] In January 2019, the District Court granted Rinaldi's request to represent himself in

that the District Court has failed to rule on his motions to dismiss that asserted violations of his right to a speedy trial,[2] Rinaldi seeks mandamus relief and dismissal of the indictments.

<u>M.D. Pa. Crim. No. 3-18-cr-00279</u>

In August 2018, Rinaldi was charged by complaint with conspiracy to distribute and possess with intent to distribute cocaine. He was arraigned and indicted, and pre-trial proceedings ensued. On January 21, 2020, the Government filed a First Superseding Indictment, charging Rinaldi with conspiracy to distribute and possess with intent to distribute cocaine, cocaine base, heroin, and marijuana (Count I); and with distribution and possession with intent to distribute cocaine (Count II). On January 31, 2020, acknowledging the provisions of the Speedy Trial Act, the District Court scheduled trial on Count I to begin on February 11, 2020 and trial on Count II to begin on March 2, 2020. However, on February 4, 2020, the District Court postponed the trials, finding that, under 18 U.S.C. § 3161(h)(1)(D), Rinaldi's new pre-trial motions tolled the time remaining under the Speedy Trial Act. On February 22, 2020, Rinaldi filed a motion to dismiss for a violation of the Speedy Trial Act, and the parties filed their briefs.

Rinaldi filed this mandamus petition, dated June 9, 2020, stating that his motion to dismiss remained pending in the District Court. To demonstrate that mandamus relief is

---

both of his cases.
[2] Rinaldi filed other motions to dismiss, but his mandamus petition is confined to allegations concerning his right to a speedy trial.

appropriate, a petitioner must establish that he has "no other adequate means" to obtain the relief requested, and that he has a "clear and indisputable" right to issuance of the writ. Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996). Rinaldi cannot make this showing, because the record shows that the District Court ruled on his motion on June 18, 2020 and denied his motion for reconsideration on July 27, 2020. Moreover, the record shows that Rinaldi's jury trial took place in August 2020. To the extent that Rinaldi seeks redress on a Speedy Trial Act claim, this type of argument may be raised on a direct criminal appeal. Mandamus must not be used as a substitute for an appeal. See In re Kensington Int'l Ltd., 353 F.3d 211, 219 (3d Cir. 2003).

M.D. Pa. Crim. No. 3-18-cr-00280

In the second criminal action, Rinaldi was indicted for conspiracy to distribute and possess with intent to distribute marijuana. He was arraigned in October 2018. The District Court granted Rinaldi's motions to extend the pretrial motions deadline, and Rinaldi filed numerous pre-trial motions. The District Court made several rulings on these motions in December 2019. In January 2020, Rinaldi filed the Speedy Trial motion to dismiss at issue here. On January 23, 2020, the Government filed a brief in opposition to the motion. In addition, the Government filed a motion to dismiss the indictment without prejudice pursuant to Rule 48(a) of the Federal Rules of Criminal Procedure. Since then, Rinaldi has continued to litigate his pre-trial motions, including an April 2, 2020 motion for pre-trial release, which was denied by a Magistrate Judge. Rinaldi filed

3

an appeal in May 2020. On July 2, 2020, after a hearing, the District Court denied pre-trial release. Rinaldi then filed another motion to dismiss, which the District Court denied on August 10, 2020. In September 2020, Rinaldi filed another motion to dismiss the indictment, referencing the Government's pending Rule 48(a) motion to dismiss the indictment filed in January 2020. The Government sought and received an extension of time to file a response, and the matter is pending.

Rinaldi filed this June 2020 mandamus petition during the litigation of his motion for pre-trial release, when his Speedy Trial motion to dismiss had been pending for about five months. A writ of mandamus may be warranted where a district court's "undue delay is tantamount to a failure to exercise jurisdiction." See Madden, 102 F.3d at 79. However, the record shows that Rinaldi's case has been progressing steadily, with no failure to exercise jurisdiction over the case as a whole. Although the parties' motions to dismiss remain pending, we are confident that the District Court will rule on Rinaldi's Speedy Trial motion to dismiss without undue delay.

We conclude that no "extraordinary circumstances" exist to justify granting the drastic remedy of mandamus. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). Accordingly, we will deny Rinaldi's mandamus petition.